# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2013

No. 12-20783
Summary Calendar

Lyle W. Cayce
Clerk

AMERICAN STATES INSURANCE COMPANY,

Plaintiff–Appellant, Cross–Appellee,

v.

ACE AMERICAN INSURANCE COMPANY,

Defendant–Appellee, Cross–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1070

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant and Cross–Appellee American States Insurance Company (American States) appeals the district court's partial grant of summary judgment in favor of Defendant–Appellee and Cross–Appellant ACE American Insurance Company (ACE) on American States' claims that its coverage obligation to Hook & Anchor Marine & Water Sports, L.L.C. (Hook & Anchor) is excess to ACE's coverage in the underlying litigation and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20783

American States is entitled to attorneys' fees and prompt-payment penalties under the Texas Insurance Code. ACE cross-appeals the district court's partial grant of summary judgment in favor of American States that ACE is responsible for one-half of the costs of Hook & Anchor's defense. We reverse in part, vacate in part, and remand the case for further proceedings.

**I**

American States provided coverage to Hook & Anchor under a commercial auto policy during the period from August 2008 to August 2009. ACE provided coverage to Chemical Weed Control, Inc. (Chemical Weed) under a business auto policy during the period from June 2008 to June 2009. Both policies contained identical "other insurance" clauses providing for primary coverage for "covered autos" owned by the policyholder and excess coverage for "covered autos" not owned by the policyholder.[1]

In October 2008, Jayme Lynn Jones, an employee of Hook & Anchor, was involved in a collision with Alexander Kosaka while Jones was driving a truck owned by Chemical Weed. Kosaka brought suit against Hook & Anchor,[2] and American States tendered the defense of Hook & Anchor to ACE. ACE rejected the tender and offered instead to share the defense costs with American States. American States repeated its tender, which ACE again refused. American States then undertook the defense of Hook & Anchor in full and subsequently commenced this action seeking defense costs and attorneys' fees and a declaration that ACE had the sole duty to defend Hook & Anchor in the suit against Kosaka.

---

[1] Both policies' "other insurance" clauses provide in relevant part that "[f]or any covered 'auto' you own, this Coverage Form provides primary insurance. For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance."

[2] Kosaka also sued Jones, Chemical Weed, and Darrell Wilson, the owner of both Chemical Weed and Hook & Anchor, but those claims were all settled prior to trial.

No. 12-20783

American States moved for partial summary judgment on its claims that its coverage obligation to Hook & Anchor was excess to ACE's and that it was entitled to attorneys' fees and prompt-payment penalties.  ACE filed a cross-motion for summary judgment against American States on all claims.  The district court granted each motion in part and denied each in part, holding that ACE had a duty to defend Hook & Anchor, but that American States' coverage obligation was not excess to that of ACE and liability should be prorated.  The district court also concluded that ACE's offer to share defense costs was in line with its obligation to provide pro rata coverage and that accordingly, ACE did not breach its contract with Hook & Anchor and American States was not entitled to attorneys' fees or prompt-payment penalties.  The district court ordered ACE to pay American States $30,500.00 for its prorated share of American States' defense of Hook & Anchor from the date American States tendered the defense to ACE.  Both parties now appeal.

## II

We review the grant or denial of summary judgment de novo, applying the same standard as the district court.[3]  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]  In making this determination, we view the evidence in the light most favorable to the nonmoving party and draw all inferences in its favor.[5]  The district court's interpretation of an insurance contract is a question of law subject to de novo review.[6]

---

[3] *First Am. Bank v. First Am. Transp. Title Ins. Co.*, 585 F.3d 833, 836-37 (5th Cir. 2009).

[4] FED. R. CIV. P. 56(a).

[5] *First Am. Bank*, 585 F.3d at 837.

[6] *Travelers Lloyds Ins. Co. v. Pac. Emp'rs Ins. Co.*, 602 F.3d 677, 681 (5th Cir. 2010).

No. 12-20783

### III

The central issue on appeal is whether the identical "other insurance" clauses in the American States and ACE policies rendered ACE's coverage primary and American States' coverage excess due to Chemical Weed's ownership of the vehicle, or whether the clauses conflict and are knocked out.[7] Conflicts involving "other insurance" clauses arise when "more than one policy covers the same insured and each policy has an 'other insurance' clause which restricts its liability by reason of the existence of other coverage."[8] Accordingly, under the rule announced by the Supreme Court of Texas in *Hardware Dealers Mutual Fire Insurance Co. v. Farmers Insurance Exchange*,[9] when an insured would receive "coverage from either one of two policies but for the other, and each contains a provision which is reasonably subject to a construction that it conflicts with a provision in the other concurrent insurance, there is a conflict . . . . [that can be] solved by ignoring the two offending provisions."[10] This court has interpreted *Hardware Dealers* broadly, holding that even when a plausible interpretation of opposing "other insurance" clauses would render one policy's coverage primary and the other's excess, if a "reasonable construction" of the two policies from the insured's perspective would result in full coverage under each policy but for the existence of the other, the policies conflict and liability should be apportioned pro rata.[11]

---

[7] ACE does not contest the district court's holding that it had a duty to defend Hook & Anchor. It its brief, ACE states that "[t}he district court held correctly that ACE and American States were co-primary insurers with pro rata defense obligations."

[8] *Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exch.*, 444 S.W.2d 583, 586 (Tex. 1969).

[9] 444 S.W.2d 583 (Tex. 1969).

[10] *Hardware Dealers*, 444 S.W.2d at 589.

[11] *Royal Ins. Co. of Am. v. Hartford Underwriters Ins. Co.*, 391 F.3d 639, 642-44 (5th Cir. 2004); *see also Travelers Lloyds Ins. Co.*, 602 F.3d at 685-86 (holding that the district

No. 12-20783

In the present case, the district court found that "from the perspective of Hook & Anchor . . . the ACE Policy would provide coverage for Hook & Anchor in the Underlying Litigation if the American States Policy did not exist, and . . . the American States Policy would provide full coverage for Hook & Anchor in the Underlying Litigation if the ACE Policy did not exist." Consequently, the district court concluded that the "other insurance" clauses in the American States and ACE policies were in conflict and held that liability should be shared pro rata.

American States argues that *Hardware Dealers* does not apply because the "other insurance" clauses included in the American States and ACE policies are not designed to evade primary liability when other coverage is available, and we agree. Unlike the "other insurance" clauses in *Hardware Dealers* and subsequent decisions of this court interpreting *Hardware Dealers*,[12] the existence of primary coverage under each of the "other insurance" clauses in the American States and ACE policies turns not on the availability of other insurance but rather on vehicle ownership. Because the availability of other insurance is not dispositive of the existence of primary coverage, the issue addressed in

court's reading of concurrent "other insurance" clauses as not in conflict was contrary to Fifth Circuit precedent because one policy could "reasonably be construed to mean that [its] policy is excess when other insurance is available unless the other insurance either specifically references [the] policy and states that it is excess to [it], or the other insurance provides that it applies only as excess insurance above [the specific liability limits of the first policy]," which the other insurance did not, thus yielding a conflict).

[12] *See, e.g.*, *Willbros RPI, Inc. v. Cont'l Cas. Co.*, 601 F.3d 306, 312 nn.3 & 4 (5th Cir. 2010) (competing "other insurance" clauses with one providing for primary coverage but excess over "[a]ny other primary insurance available" and the other acting as excess to any policy for which the policyholder was added as an additional insured, unless a written contract or agreement specifically requires that the insurance be primary or primary and noncontributing); *Royal Ins. Co.*, 391 F.3d at 641-2 nn.1-2 (opposing "other insurance" clauses specifying primary insurance unless other insurance is also primary and excess coverage unless other insurance is specifically arranged on an umbrella or similar basis to apply in excess).

No. 12-20783

*Hardware Dealers*—"other insurance" clauses that "restrict[] . . . liability *by reason of the existence of other coverage*"—is not implicated in the present case.[13]

In *Snyder v. Allstate Insurance Co.*,[14] a post-*Hardware Dealers* case, the Supreme Court of Texas dealt with nearly identical facts and concluded that no conflict existed.[15] Although the *Snyder* court did not discuss the relevance of *Hardware Dealers* with respect to the priority of coverage, the court noted that when "[two] policies have 'other insurance' clauses which state that the policy provides only excess insurance with respect to non-owned automobiles, but provide for prorated coverage with respect to the owned automobile . . . . [i]f the [vehicle involved in the accident] was an 'owned automobile' within the meaning of [one insurer's] policy, then [that insurer's] coverage is primary and [the other insurer's] 'non-owned' coverage is excess within the meaning of both policies."[16] Moreover, the court declined to impose pro rata liability on the nonowner's insurer and affirmed the trial court's judgment that the vehicle owner's insurer had "an obligation to defend [the non-owners involved in the accident] in all actions and to pay all claims up to its policy limits arising out of the collision."[17]

Because the "other insurance" clauses do not limit liability or coverage based on the existence of other available insurance, we hold that the policies do not conflict, and that under the terms of the "other insurance" clauses, ACE was obligated to provide primary coverage to Hook & Anchor and is liable for the entirety of Hook & Anchor's defense. Accordingly, we reverse the district court's

---

[13] *Hardware Dealers*, 444 S.W.2d at 586 (emphasis added).

[14] 485 S.W.2d 769 (Tex. 1972).

[15] *Snyder*, 485 S.W.2d at 770.

[16] *Id.*

[17] *Id.* at 771-72.

No. 12-20783

judgment that the "other insurance" provisions should be ignored and that liability should be prorated between ACE and American States.

## IV

In addition to its defense costs, American States also seeks its attorneys' fees incurred in this action and prompt-payment penalties under Texas Insurance Code § 542.060. The district court held that an award of damages under § 542.060 would be improper because ACE's offer to share in Hook & Anchor's defense accorded with the district court's determination that the defense costs should be prorated between ACE and American States. Because we conclude that the district court erred in imposing pro rata liability, we vacate the district court's judgment with respect to American States' claim for attorneys' fees and prompt-payment penalties and remand for further proceedings consistent with this opinion.

## V

On cross-appeal, ACE contends that because American States rejected ACE's offers to share the cost of Hook & Anchor's defense and "voluntarily" paid for the entire defense, American States has "no contractual or equitable right to recover from ACE." The district court did not explicitly rule on this question. Accordingly, we remand to the district court to determine in the first instance whether American States' payment for Hook & Anchor's defense was voluntary, and whether American States is contractually or equitably subrogated to Hook & Anchor's rights against ACE.

\*     \*     \*

For the foregoing reasons, the judgment of the district court is REVERSED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this opinion.